IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**SEAN SOTO**                                                                    **PLAINTIFF**

vs.                                           No. 5:20-cv-408

**COVENANT TESTING TECHNOLOGIES, LLC**                      **DEFENDANT**

<u>**ORIGINAL COMPLAINT**</u>

COMES NOW Plaintiff Sean Soto ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendant Covenant Testing Technologies, LLC ("Defendant"), he does state and allege as follows:

## I.      PRELIMINARY STATEMENTS

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees, as a result of Defendant's failure to pay lawful minimum and overtime wages as required by the FLSA.

## II.      JURISDICTION AND VENUE

2.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Defendant conducts business within the State of Texas.

4.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5.      Plaintiff was employed by Defendant to provide services for Defendant's business in San Antonio. Therefore, the acts alleged in this Complaint had their principal effect within the Western District of Texas, San Antonio Division, and venue is proper pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

6.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

7.      Plaintiff is an individual and resident and domiciliary of Bexar County.

8.      Defendant is a foreign limited liability registered to do business in the State of Texas.

9.      Defendant's registered agent for service of process in Texas is Cogency Global, Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

10.     Defendant maintains a website at https://ctest.com/.

### IV.     FACTUAL ALLEGATIONS

11.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12.     Defendant provides well flow management services to its customers.

13.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14.     During each of the three years preceding the filing of this Complaint, Defendant had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

15.     Defendant was, at all times relevant herein, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

16.     Defendant employed Plaintiff and had the power to supervise, hire, fire and discipline Plaintiff, and the power to set the schedule and conditions of Plaintiff's work, including the creation and maintenance of the pay policy applicable to Plaintiff.

17.     Plaintiff worked for Defendant in Pleasanton as a well test operator and a lead operator within the three years preceding the filing of this Complaint.

18.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

19.     Plaintiff worked for Defendant from approximately February of 2018 until March of 2020, although he was stopped working due to injury in October of 2019.

20.     Plaintiff was primarily responsible for attending to wells, such as repairing equipment.

21.     Plaintiff also regularly worked outside his regular work hours, such as during evenings and on weekends, to work on equipment and update spreadsheets.

22.     Throughout Plaintiff's employment, Defendant classified Plaintiff as non-exempt from the FLSA and paid him an hourly rate.

23.     Plaintiff regularly worked more than forty (40) hours in a single workweek.

24.     It was Defendant's commonly applied practice not to pay Plaintiff for all the hours during which he performed work for Defendant.

25.     Plaintiff was not paid for the hours he spent working outside regular work hours fixing equipment and updating spreadsheets.

26.     As a result of these policies and practices, Defendant failed to pay Plaintiff a proper overtime premium for all of the hours he worked in excess of forty (40) hours in a week.

27.     At all relevant times herein, Defendant failed to accurately record all of the time worked off-the-clock by Plaintiff and failed to properly compensate all of the off-the-clock hours.

28.     Defendant knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of his recorded hours, yet Defendant failed and refused to compensate Plaintiff for his work as required by the FLSA.

29.     At all times relevant hereto, Defendant was aware of the overtime requirements of the FLSA.

## V.      CAUSE OF ACTION—VIOLATION OF THE FLSA

64.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

65.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

66.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

67.     29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

68.    Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

69.    Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

70.    Defendant willfully failed to pay overtime wages to Plaintiff.

71.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sean Soto respectfully prays for declaratory relief and damages as follows:

A.    That Defendant be summoned to appear and answer herein;

B.    That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C.    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D.    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

E.    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and putative collective members during the applicable statutory period;

F.    An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF SEAN SOTO**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com